UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN GROBEE, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CORRECTIONS CORPORATION OF AMERICA, a Tennessee Corporation dba CCA, DOES 1-2o, inclusive,<br><br>　　　　　Defendants. | Case No. 13cv1060-GPC (DHB)<br><br>**ORDER REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>[ECF No. 21] |

On December 27, 2013, the parties filed a Joint Motion for Determination of Discovery Dispute. (ECF No. 21.) The parties' dispute concerns whether Defendant should be required to produce personnel files for several of its employees who are not parties to this action. After reviewing the Joint Motion, the Court hereby **DENIES** Plaintiff's motion to compel, as outlined below.

## I. BACKGROUND

On March 29, 2013, Plaintiff filed a Complaint in San Diego Superior Court alleging claims for wrongful termination, discrimination, harassment, and several violations of California's labor laws. Thereafter, the case was removed to federal court. (ECF No. 1.) Plaintiff claims he was wrongfully terminated due to his age and physical disabilities. Defendant asserts Plaintiff was terminated following an investigation into a complaint of

sexual harassment, that uncovered a pattern of inappropriate conduct by Plaintiff towards female employees. Plaintiff contends that the sexual harassment claims were only a pretext for his termination.

Plaintiff propounded requests for production of documents on Defendant, seeking among other things, the personnel files for nine of Defendant's employees who gave witness statements during the investigation of the sexual harassment complaint. (ECF No. 21-2 at 27-31, Requests Numbers 35-43.) Defendant objected to the requests on grounds that they are overly broad, unduly burdensome, and call for information that is irrelevant, protected by the right to privacy, and protected by the attorney client privilege and/or attorney work product doctrine.[1] (*Id.*) On November 22, 2013, the Court granted the parties' joint request to extend time to file a Joint Motion for Determination of Discovery Dispute concerning the disputed document requests. (ECF No. 18.) After exhausting their efforts to resolve the dispute informally, the parties filed the instant motion on December 27, 2013.

Plaintiff requests the Court to compel Defendant to produce all documents responsive to Requests Numbers 35 through 43. Alternatively, Plaintiff proposes the Court should compel production, but order any information regarding the employees' health issues, bank accounts, or social security information be redacted from the responsive documents. Plaintiff argues the personnel files are relevant to test the credibility of the witnesses, to uncover the witnesses' potential bias against Plaintiff, and to reveal any relationships between the witnesses. Plaintiff states the personnel files may also lead to the names of other potential witnesses. Defendant urges the Court to decline to order production of the files. Defendant contends that the employee personnel files are protected by the constitutional right of privacy and Plaintiff has not shown a compelling need for the personnel files, or shown that the information could not be obtained through less intrusive means.

## II. DISCUSSION

---

[1] It appears Defendant has abandoned its objections regarding overbreadth, burden, and the attorney client privilege/attorney work product doctrine. In the instant motion, Defendant has only argued that the documents are protected by the constitutional right of privacy. (*See* ECF No. 21 at 9-12.)

### 1. Legal Standard

Under Rule 26(b)(1), parties may obtain discovery of "any non privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* However, the Court must limit discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). "The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Sullivan v. Prudential Ins. Co. of Am.*, 233 F.R.D. 573, 575 (C.D. Cal. 2005)).

Privacy is a valid objection that can be raised in response to discovery requests. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35, n. 21 (1984). Because jurisdiction in this action is based upon diversity, state law governs Defendant's privacy claims. Fed. R. Evid. 501; *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 284 (C.D. Cal. 1998). Under California law, personnel records of employees are protected by California's constitutional right of privacy. Cal. Const., art. I, § 1; *El Dorado Savings & Loan Assn. v. Superior Court*, 190 Cal.App.3d 342, 345 (Cal. Ct. App. 1987); *Board of Trustees v. Superior Court*, 119 Cal.App.3d 516, 525-26 (Cal. Ct. App. 1981). However, "[t]he constitutional right of privacy is 'not absolute,' it may be abridged when, but only when, there is a 'compelling' and opposing state interest." *Board of Trustees*, 119 Cal.App.3d at 525.

A finding of relevancy, alone, is not enough to justify compelled disclosure of private information. *Board of Trustees*, 119 Cal.App.3d at 525. When private information, such as personnel files, is shown to be relevant, the court must then balance the need for the discovery against the fundamental right of privacy. *Id.*; *Harding Lawson Assoc. v. Superior Court*, 10 Cal.App.4th 7,10 (Cal. Ct. App. 1992). "[T]he balance will favor privacy for

confidential information in third party personnel files unless the litigant can show a compelling need for the particular documents and that the information cannot reasonably be obtained through depositions or from nonconfidential sources." *Harding Lawson Assoc.*, 10 Cal. App.4th at 10. Even if the balance weighs in favor of disclosure, "the scope of disclosure must be narrowly circumscribed." *Id.*

**2.     Requests for Production Numbers 35 Through 43**

Here, the Court finds that Requests Numbers 35 through 43 seek information that may be relevant to witness credibility. *See Oakes v. Halvorsen Marine, Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998) (stating that Rule 26 "permits the discovery of information which may simply relate to the credibility of a witnesses or other evidence in the case"). However, because relevance alone is not a sufficient basis invade a non-party's privacy rights, the Court must consider whether Plaintiff has shown a compelling need for the information. The Court concludes that he has not. Plaintiff's arguments that the personnel files may contain information that will show witness bias or be useful to test credibility are speculative. *See Board of Trustees*, 119 Cal.App.3d at 525 (stating inquiry into one's private affairs will not be allowed simply because it might lead to relevant evidence). In addition, the Court has reviewed the partial transcript from Theresa Castrejon's deposition and finds that it does not justify Plaintiff's request for the personnel files. Therefore, because disclosure of the personnel files would invade the third party employees' right to privacy under the California Constitution, and because the information is sought to pursue a speculative argument, the Court believes that the employees' interest in maintaining the privacy of these records outweighs Plaintiff's need for them. *See Harding Lawson Associates*, 10 Cal.App.4th at 10 (finding Plaintiff failed to show a compelling need for confidential documents in third party personnel files).

Moreover, Plaintiff is not left without alternative, less intrusive means to inquire into the credibility or potential bias of the third party employees. Plaintiff has the ability to depose the employees who gave witness statements during the sexual harassment

investigation.[2]  Indeed, Plaintiff has already deposed at least one of the witnesses, Theresa Castrejon, and has plans to depose Warden Lawrence, who handled the investigation. (*See* ECF No. 21 at 6; 21-2 at 39-48.) Accordingly, the Court denies Plaintiff's request to compel Defendant to produce the personnel files.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel is **DENIED**.

**IT IS SO ORDERED.**

DATED: January 17, 2014

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　DAVID H. BARTICK
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[2] If Plaintiff determines that he needs to take more than 10 depositions, and the parties are unable to reach a stipulation, the Court is willing to entertain a motion to expand the number of depositions allowed.